**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**REGINALD JEROME SUTTON**                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:04cv377-KS-MTP**

**RICHARD "RIP" STRINGER, ET AL.**                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 15, 2004, this prisoner plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 and on March 22, 2005, was granted leave to proceed *in forma pauperis*. The plaintiff was warned in this court's orders [5, 6, 9, 10, 13, 14, 17] that failure to timely comply with the orders of the court or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff has failed to comply with these orders. Therefore, the court recommends that the case be DISMISSED without prejudice.

On May 25, 2007, the envelope containing the court's order of May 14, 2007, was returned by the postal service with the notation "return to sender"[27]. On May 31, 2007, the court ordered the plaintiff either (1) to file a written statement with the clerk of court on or before June 20, 2007, setting forth why this case should not be dismissed for failure to comply with the court's orders **or**, **alternatively,** (2) to provide the clerk of court with his new address, in writing, on or before June 20, 2007. The plaintiff did not respond as ordered and has failed to keep this court informed of his current address. Consequently, the court is unable to communicate with him.

It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this matter. According to the case docket, the last pleading or other document submitted by the plaintiff was filed on or about August 11, 2005.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Accordingly, the court recommends that this matter be DISMISSED without prejudice. In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the District Court to which a party has not objected. Douglass v. United States Auto Ass'n, 79 F.3d 1425 (5th Cir. 1996).

This the  26th  day of June, 2007.

                                                           s/ Michael T. Parker
                                                           United States Magistrate Judge